UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SAMUEL BARROW,

    Plaintiff,

vs.

WENCO CONSTRUCTION, *et al.*,

    Defendants.

Case No. 3:22-cv-186

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING *PRO SE* PLAINTIFF SAMUEL BARROW'S MOTIONS FOR A 90-DAY STAY OF PROCEEDINGS FOR MEDICAL TREATMENT (Doc. Nos. 32, 39, 42); (2) CONFIRMING THAT THE STAY OF PROCEEDINGS WILL END ON AUGUST 7, 2023; (3) DIRECTING THAT ANY ADDITIONAL RESPONSE BY PLAINTIFF TO DEFENDANTS' MOTION TO DISMISS (Doc. No. 9) AND MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. No. 10) IS DUE BY AUGUST 17, 2023; (4) CAUTIONING PLAINTIFF THAT NO MORE STAYS OF PROCEEDINGS WILL BE GRANTED ABSENT EXTRAORDINARY CIRCUMSTANCES; (5) CONFIRMING THAT THIS IS PLAINTIFF'S FINAL OPPORTUNITY TO RESPOND BEFORE THE COURT RULES ON DEFENDANTS' DISPOSITIVE MOTIONS, WHICH MAY RESULT IN DISMISSAL OF THIS CASE; AND (6) CLARIFYING THAT THIS ORDER CONSTITUTES AN ORDER TO SHOW CAUSE**

---

This case is before the Court regarding *pro se* Plaintiff Samuel Barrow's motions for a 60–90 day stay of proceedings for medical treatment.[1] Doc. Nos. 32, 39, 42. Plaintiff, according to documentation he attached to his motion, is participating in cardiac rehabilitation for approximately three months, following a recent procedure. Doc. No. 42-1 at PageID 212. Defendants Chis Halapy and Shook Construction filed a response in opposition to Plaintiff's most recent motion for stay of proceedings. Doc. No. 43.

Before Plaintiff filed these motions, Defendants Joy Patrick and Patrick Staffing, Inc. filed a motion for judgment on the pleadings (Doc. No. 9) and Defendants Chis Halapy and Shook

---

[1] Given his *pro se* status, all of Plaintiff's motions and pleadings are liberally construed in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Construction filed a motion to dismiss this case for failure to state a claim (Doc. No. 10). Plaintiff then filed several motions (*see* Doc. Nos. 19–21), some of which referenced or responded to these dispositive motions, but none appear to substantively address Defendants' arguments. On January 23, 2023, the Court provided Plaintiff with an extension of time, until February 22, 2023, to respond to the dispositive motions. Plaintiff then filed additional motions (*see* Doc. Nos. 27–31, 33–34); it is unclear to the Court what relief is sought there.

Recognizing Plaintiff's medical concerns and out of an abundance of caution, the Court **GRANTS** Plaintiff's motions for a medical stay and **ORDERS** a 90-day stay of this case. Doc. Nos. 32, 39, 42. This stay of proceedings will end on August 7, 2023.

Again, out of an abundance of caution, following the stay, Plaintiff will have an additional 10 days to substantively respond to all of Defendants' pending motions. *See* Doc. Nos. 9, 10. Plaintiff must file any additional response **BY AUGUST 17, 2023.**

The Court cautions Plaintiff that no further stays of proceedings will be granted absent extraordinary circumstances and this is his final opportunity to respond to the dispositive motions before the Court rules on them, which could result in dismissal of this case. To that end, this Order constitutes an Order to Show Cause why dismissal should not occur here. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases") (citations omitted)).

    **IT IS SO ORDERED.**

  May 8, 2023                                  s/Michael J. Newman
                                                       Hon. Michael J. Newman
                                                       United States District Judge