IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| SAMUEL BARROW, | : | Case No. 3:22-cv-00186 |
| Plaintiff, | : | |
| | : | District Judge Michael J. Newman |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| WENCO CONSTRUCTION, et al., | : | |
| Defendants. | : | |

## DECISION AND ORDER

Plaintiff Samuel Barrow previously worked at Miami Valley Hospital South, where he performed construction and cleaning duties. (Complaint, ECF No. 2, PageID 37–38.) Proceeding without the assistance of counsel, he filed this lawsuit against several entities and individuals allegedly involved in that employment. (*Id*. at PageID 36–38.) Plaintiff asserts federal civil rights claims under 42 U.S.C. §§ 1981 and 1983 and state-law claims for breach of contract, tortious interference, defamation, invasion of privacy, intentional infliction of emotional distress, and civil conspiracy. (*Id*. at PageID 36, 39.)

This matter has been referred to the undersigned Magistrate Judge for rulings on the following motions filed by Plaintiff: Request for the Court to Order All Defendants [to] Serve Documents to the Plaintiff (ECF No. 20); Motion Seek[ing] a[n] Order Requiring Defendants to Serve Documents to Plaintiff (ECF No. 21); First Motion Request[ing] that the Court Appoint Counsel or Have a Stay of 60 to 90 Days to Obtain Counsel (ECF No. 27); Motion Seeking a Stay to Answer the Various Defendants[']

1

Requests for Dismissal . . . (ECF No. 28); Motion to Obtain Counsel to File Amended Complaint and Stay on Dismissal Until the Discovery (ECF No. 29); Second Motion Request[ing] that the Court Appoint Counsel or Have a Stay of 60 to 90 Days to Obtain Counsel (ECF No. 30); Motion to Set a Scheduling Conference in the Next 90 Days (ECF No. 31); Motion to Halt [Defendants] [from] Destroy[ing] Evidence or Tampering with Witnesses (ECF No. 34); and Motion for the Defendants to Resend Recent Motions (ECF No. 40). The Court addresses each of these motions below.

    **A.    Plaintiff's Motions Regarding Service Of Filings (ECF No. 20; ECF No. 21; ECF No. 40)**

On January 18, 2023, Plaintiff filed two documents (ECF No. 20; ECF No. 21) in which he alleges that, at some time previously, Defendant Shook Construction filed an unspecified document that, although accompanied by a certificate of service, was not served upon Plaintiff. (ECF No. 20, PageID 151.) Plaintiff suggests that Defendant Shook Construction engaged in this "trickery" (ECF No. 21, PageID 152) "to keep the Plaintiff in the dark" about his case (ECF No. 20, PageID 151). He therefore seeks an order compelling Defendants to "serve documents" upon him. (ECF No. 20; ECF No. 21.)

On March 8, 2023, Defendants Shook Construction and Chris Halapy notified the Court that they had attempted to serve upon Plaintiff, at his address of record, a copy of their Response in Opposition to his pending motions, but the Response was returned and was marked "receiver moved, not delivered." (ECF No. 36, PageID 189.) On March 24, 2023, the Court ordered Plaintiff to update his address with the Court or else to show cause why his case should not be dismissed for failure to prosecute. (ECF No. 37.) On

April 14, 2023, Plaintiff notified the Court that "the address on file is the 'correct address'" and characterized the returned mail as "an error of the post office." (ECF No. 38, PageID 199.) Plaintiff further stated that "[he has] never had a[n] issue getting any mail from the federal court or [from] any party." (*Id*.) Belying this assertion, on May 1, 2023, Defendants filed a Notice of Second Attempt of Service, informing the Court that they had made a second attempt to serve their Response upon Plaintiff. (ECF No. 41.) Although it does not state so explicitly, Defendants' Notice implies that this second attempt at service was likewise unsuccessful. (*Id*. at PageID 208 ("On April 28, 2023 . . . Defendants made a second *attempt* to serve its [sic] Response on Plaintiff via UPS overnight mail . . ." (emphasis added)).)

      Plaintiff is correct that he is presumptively entitled to service of all filings in this case. *See* Fed. R. Civ. P. 5. Furthermore, falsification of a certificate of service is, indeed, a serious matter that warrants sanctions against the falsifying party. *Bentz v. Kirk*, 2020 WL 2749789 (S.D. Ill. 2020). Here, however, there is no evidence that Defendant Shook Construction engaged in such fraud. *See Turlington v. Connor*, 2021 WL 3418427 (N.D. Okla. 2021). To the contrary, Plaintiff himself has described similar failures in service as mere "error[s]". (ECF No. 38, PageID 199.) And the Defendants have acted diligently to keep the Court informed of failed attempts at service. (*See* ECF No. 36; ECF No. 41.)

      As noted above, Defendants are *already* subject to a duty to serve Plaintiff with copies of any filings. Fed. R. Civ. P. 5. In the absence of any evidence of wrongdoing, the Court declines to order Defendants to fulfill an existing obligation. The Court therefore **DENIES** Plaintiff's Request for the Court to Order all Defendants [to] Serve Documents

to the Plaintiff (ECF No. 20); Plaintiff's Motion Seek[ing] a[n] Order Requiring Defendants to Serve Documents to Plaintiff (ECF No. 21); and Plaintiff's Motion for the Defendants to Resend Recent Motions (ECF No. 40.) However, to remedy any and all deficiencies in service, the Clerk is **DIRECTED** to mail Plaintiff, at his address of record, copies of all documents filed by Defendants and orders issued by the Court.

    **B.**    **Plaintiff's Motions Requesting the Appointment of Counsel (ECF No. 27; ECF No. 29; ECF No. 30)**

Plaintiff has repeatedly asked the Court to appoint counsel to represent him in this civil case. (ECF No. 27; ECF No. 29; ECF No. 30.) The appointment of counsel in civil cases is not a constitutional right and is justified only by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604–06 (6th Cir. 1993); *see also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Congress has not provided funds to compensate such attorneys and few lawyers are willing and able to absorb the costs of representing civil litigants on a voluntary basis. The Court makes every effort to appoint counsel in those cases that proceed to trial and, in exceptional circumstances, will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear here.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Obtain Counsel to File Amended Complaint and Stay on Dismissal Until the Discovery (ECF No. 29) and, to the extent that they likewise ask the Court to appoint him counsel, Plaintiff's First (ECF No. 27) and Second (ECF No. 30) Motions Request[ing] that the Court Appoint Counsel or Have a Stay of 60 to 90 Days to Obtain Counsel. Plaintiff may

4

renew his request for counsel if this matter proceeds past motions to dismiss and motions for summary judgment.

### C. Plaintiff's Motion to Halt [Defendants] [from] Destroy[ing] Evidence or Tampering with Witnesses (ECF No. 34)

On February 21, 2023, Plaintiff filed a motion "seek[ing] the Court to halt [Defendants] from intimidating witnesses and destroying evidence statement[s], i[.]e[.,] William Rice." (ECF No. 34, PageID 183.) Beyond mentioning Mr. Rice's name, this Motion does not identify the evidence that Plaintiff believes Defendants to be destroying nor the manner in which he believes them to be doing so. Defendants deny any such "destruction" or "tampering" and assert that they have no knowledge of any such person. (Defendants' Omnibus Response in Opposition to Plaintiff's Pending Motions, ECF No. 35, PageID 187.)

If Plaintiff has *evidence* that Defendants have engaged in the spoliation of evidence, he should present it to the Court. Absent such evidence, Plaintiff and the Court must accept the Defendants' representations. *Watson v. Ohio Ambulance Solutions, LLC*, No. 1:20-CV-00802, 2022 WL 2133739 (S.D. Ohio 2022) (Litkovitz, M.J.) (denying a plaintiff's "speculative and wholly conclusory" motions related to spoliation); *Tromblee v. State of N.Y.*, 2022 WL 2818222, at *21 (N.D.N.Y. 2022) ("[u]nder ordinary circumstances, a party's good[-]faith averment . . . should resolve the issue" (internal citations omitted)); *Sciore v. Centric Bank*, 2021 WL 3128682, at *31–32 (E.D. Penn. 2021) (a plaintiff's "assumptions" that a defendant is spoliating evidence "do not suffice to force a further response from [the defendant]"); *Boyd v. Etchebehere*, 2017 WL

5

1278047, at * 3 (E.D. Cal. 2017) ("[a]bsent evidence to the contrary, . . . Plaintiff is required to accept defense counsel's representation"); *Multi-Tech Sys., Inc. v. Dialpad.com, Inc.*, 2001 WL 34624004, at *16, n. 8 ("As a matter of practical reality, the Court must accept, at face value, a party's representation that it has fully [complied with discovery]." (internal citations omitted)).

In addition, insofar as it can be construed to seek an order preserving evidence, Plaintiff's Motion also fails because it does not comply the Federal Rules of Civil Procedure or this Court's Civil Rules. Any motion seeking to compel compliance with a party's discovery obligations must include a certification that the moving party has exhausted good-faith efforts to resolve the dispute through extrajudicial means. Fed. R. Civ. P. 37(a)(1); S.D. Ohio Civ. R. 37.1. Plaintiff's Motion contains no such certification.

For these reasons, the Court **DENIES** Plaintiff's Motion to Halt [Defendants] [from] Destroy[ing] Evidence or Tampering with Witnesses (ECF No. 34).

### D. Plaintiff's Motions Requesting A Scheduling Order (ECF No. 27; ECF No. 28; ECF No. 31)

Plaintiff has repeatedly requested that the Court issue a scheduling order. (ECF No. 27, PageID 167–68; ECF No. 28, PageID 170; ECF No. 31, PageID 175–76.) Under Fed. R. Civ. P. 16(b)(2), the Court is required to issue such order "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared," unless it "finds good cause for delay." *Id*.

Here, Plaintiff argues that the Court should issue a scheduling order because "[d]iscovery needs to occur before judgement [sic] on [the] plead[ings] should be

considered." (ECF No. 28, PageID 170.) The Court understands this to be a reference to Defendants' pending Motion for Judgment on the Pleadings (ECF No. 9) and Motion to Dismiss for Failure to State a Claim (ECF No. 10). However, unlike a motion for summary judgment that is governed by Fed. R. Civ. P. 56, Defendants' pending motions ask the Court to issue judgment *without* considering discovery or other evidence. *See* Fed. R. Civ. P. 12(c) and 12(b)(6). Defendants therefore correctly state that their pending motions may be dispositive of this matter and obviate the need for any scheduling order. (*See* ECF No. 35, PageID 187.) Moreover, because the Court has stayed the proceedings on Plaintiff's own motion (ECF No. 44), it would be inappropriate to issue a scheduling order. For both of these reasons, the Court finds that there is good cause to delay the issuance of a scheduling order.

The Court therefore **DENIES** Plaintiff's Motion to Set a Scheduling Conference in the Next 90 Days (ECF No. 31) and, to the extent they request a scheduling conference or order, Plaintiff's Motion Request[ing] that the Court Appoint Counsel or Have a Stay of 60 to 90 Days to Obtain Counsel (ECF No. 27); and Plaintiff's Motion Seeking a Stay to Answer the Various Defendants['] Requests for Dismissal (ECF No. 28).

### E. Plaintiff's Motions Requesting A Stay Of Proceedings (ECF No. 27; ECF No. 28; ECF No. 30)

Plaintiff has filed several documents asking the Court to stay these proceedings for various reasons. (ECF No. 27; ECF No. 28; ECF No. 30; ECF No. 32 and ECF No. 39.) The Court, by separate Order (ECF No. 44), has granted Plaintiff's motions for stays on medical grounds (ECF No. 32; ECF No. 39). Therefore, Plaintiff has already been

afforded the relief that he seeks in his remaining motions. Accordingly, to the extent that they seek a stay of proceedings, the Court **DENIES AS MOOT** Plaintiff's First Motion Request[ing] that the Court Appoint Counsel or Have a Stay of 60 to 90 Days to Obtain Counsel (ECF No. 27), Plaintiff's Motion Seeking a Stay to Answer the Various Defendants['] Requests for Dismissal . . . (ECF No. 28), and Plaintiff's Second Motion Request[ing] that the Court Appoint Counsel or Have a Stay of 60 to 90 Days to Obtain Counsel (ECF No. 30).

### F. Status Of The Defendants' Motions

In addition, the Court wishes to address Plaintiff's statement that "the [C]ourt already indicated to the Defendants that the . . . case would not be dismissed at this time." (ECF No. 28, PageID 169–70. *See also* ECF No. 31, PageID 175–76.) This statement is incorrect. The Court has not yet made any ruling on Defendants' Motion for Judgment on the Pleadings (ECF No. 9) and Motion to Dismiss for Failure to State a Claim (ECF No. 10). Those motions remain pending before the Court and will be addressed by separate order at a later date. (*See* ECF No. 44.)

### G. Conclusion

In sum, for the foregoing reasons, the Court hereby **ORDERS** as follows:

1) The Court **DIRECTS** the Clerk of Court to mail Plaintiff, at his address of record, copies of all documents filed by Defendants and orders issued by the Court.

2) The Court **DENIES** the following motions:

    a. Plaintiff's Request for the Court to order All Defendants [to] Serve Documents to the Plaintiff (ECF No. 20);

b. Plaintiff's Motion Seek[ing] a[n] Order Requiring Defendants to Serve Documents to Plaintiff (ECF No. 21);

c. Plaintiff's First Motion Request[ing] that the Court Appoint Counsel or Have a Stay of 60 to 90 Days to Obtain Counsel (ECF No. 27); and

d. Plaintiff's Motion Seeking a Stay to Answer the Various Defendants['] Requests for Dismissal . . . (ECF No. 28);

e. Plaintiff's Motion to Obtain Counsel to File Amended Complaint and Stay on Dismissal Until the Discovery (ECF No. 29);

f. Plaintiff's Second Motion Request[ing] that the Court Appoint Counsel or Have a Stay of 60 to 90 Days to Obtain Counsel (ECF No. 30);

g. Plaintiff's Motion to Set a Scheduling Conference in the Next 90 Days (ECF No. 31);

h. Plaintiff's Motion to Halt [Defendants] [from] Destroy[ing] Evidence or Tampering with Witnesses (ECF No. 34); and

i. Plaintiff's Motion for the Defendants to Resend Recent Motions (ECF No. 40).

**IT IS SO ORDERED**.

                                                */s/ Caroline H. Gentry*
                                                Caroline H. Gentry
                                                United States Magistrate Judge

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within **FOURTEEN** days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Order is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).