IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| SAMUEL BARROW, | : | Case No. 3:22-cv-00186 |
| Plaintiff, | : | |
| | : | District Judge Michael J. Newman |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| WENCO CONSTRUCTION, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## DECISION AND ORDER

On August 28, 2023, Plaintiff filed a motion entitled Plaintiff's Motion Requesting the Defendants Serve Documents!!! (Doc. No. 51 (punctuation in original).) That motion states:

> The Defendants historically have not served the Plaintiff documents. On or around August 17, 2023, the Defendant[s'] attorney . . . filed documents in court without notice to the Plaintiff . . . The Defendants are trying to take advantage of the *pro se* Plaintiff by not supplying documents in accord[ance with] court rules!! . . . If I was a lawyer[,] I would be served. But the lawyers are disregarding me due to my race [and] lack of resources after illness.

(*Id*. (capitalization adjusted).)

This is not the first time Plaintiff has accused Defendants of refusing to serve him copies of court filings. He has previously filed functionally identical motions, alleging that Defendant Shook Construction had engaged in "trickery" (Doc. No. 21, PageID 152) in order "to keep the Plaintiff in the dark" about his case (Doc. No. 20, PageID 151). In its Order denying those motions, the Court stated:

1

> [T]here is no evidence that Defendant Shook Construction engaged in such fraud. To the contrary, Plaintiff himself has described similar failures in service as mere "error[s]". And the Defendants have acted diligently to keep the Court informed of failed attempts at service . . . Defendants are *already* subject to a duty to serve Plaintiff with copies of any filings. In the absence of any evidence of wrongdoing, the Court declines to order Defendants to fulfill an existing obligation.

(Doc. No. 45, PageID 219 (internal citations omitted).)

Implicit in this language was the admonition that Plaintiff not accuse the defendants of malfeasance without proof. *See also, e.g.*, Fed. R. Civ. P. 11(b)(3) ("By presenting to the court a pleading, written motion, or other paper . . . an . . . unrepresented party certifies that . . . the factual contentions have evidentiary support . . . "). Nevertheless, Plaintiff has – without providing any evidentiary support – renewed his request that the Court impose sanctions against Defendant Shook Construction for its perceived misconduct.

Defendant Shook Construction responds that it has "served Plaintiff with all pleadings at his address on file with the Court" and correctly notes that Plaintiff has explicitly confirmed this address to be accurate. (Doc. No. 52, PageID 282 (citing to Doc. No. 38).) In addition, Defendant Shook Construction has filed a copy of a delivery notification email indicating that UPS delivered a package to Plaintiff at his address of record on August 19, 2023, at 9:36am. (Doc. No. 52-1.) Although the confirmation email does not indicate the contents of the package, the Court notes that the package sent by "UPS 2nd Day Air" and delivered two days after Defendant Shook Construction filed its Responses (Doc. No. 49; Doc. No. 50) to Plaintiff's pending motions.

2

Under these circumstances, the Court once again finds no reason to believe that Defendant Shook Construction has engaged in any impropriety regarding service. Accordingly, Plaintiff's Motion Requesting the Defendants Serve Documents!!! (Doc. No. 51) is **DENIED**. Plaintiff is **CAUTIONED** that the Court takes a dim view of his unsubstantiated accusations of misconduct. Any further motions regarding the issue of service should be *supported by evidence*.

**IT IS SO ORDERED**.

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within **FOURTEEN** days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Order is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).