UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SAMUEL BARROW,

    Plaintiff,

vs.

WENCO CONSTRUCTION, *et al.*,

    Defendants.

Case No. 3:22-cv-186

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) DISMISSING THIS CASE WITH PREJUDICE FOR FAILURE TO PROSECUTE; (2) DENYING ALL PENDING MOTIONS AS MOOT (Doc. Nos. 9, 10, 19, 33, 46, 47, 48, 55, 57, 60, 65, 69, 71); AND (3) TERMINATING THIS CASE ON THE DOCKET**

---

This is a civil case in which *pro se*[1] Plaintiff Samuel Barrow brings multiple claims against Defendants Wenco Construction; Suzette Winters; Chris Dwenger; Patrick Staffing, Inc.; Shook Construction; Chris Halapy; and Joy Patrick. Doc. No. 2. His complaint, liberally construed, asserts claims arising out of Defendants' alleged termination of his employment, such as race discrimination, retaliation (including whistleblower retaliation),[2] intentional infliction of emotional distress, tortious interference, breach of implied contract, defamation, and civil conspiracy. Doc. No. 2 at PageID 39. This case is before the Court on Plaintiff's motion to stay the case until March 15, 2024. Doc. No. 69.

**I.    PROCEDURAL HISTORY**

The procedural history of this case is complicated. Plaintiff filed his complaint on November 21, 2022. Doc. No. 2. On December 21, 2022, after having filed their answer to the

---

[1] Given his *pro se* status, all of Plaintiff's filings are liberally construed in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).
[2] Plaintiff mentions 42 U.S.C. § 1983, but does not allege any state action.

complaint, Defendants Joy Patrick and Patrick Staffing filed a motion for judgment on the pleadings. Doc. No. 9. Defendants Chris Halapy and Shook Construction filed a motion to dismiss the next day. Doc. No. 10. Plaintiff filed a motion for an extension of time to file memoranda in opposition to these motions. Doc. No. 22. The Court, in a notation order, granted an extension for Plaintiff to file his responses by February 22, 2023.

Plaintiff then filed a series of motions seeking a stay of the proceedings for medical reasons (to give him time to respond to Defendants' motions), leave to file an amended complaint, and appointment of counsel. Doc. Nos. 27, 28, 29, 30, 32. On March 24, 2023, the Court ordered Plaintiff to show cause as to why the case should not be dismissed for failure to prosecute because he failed to timely notify the Court of his change of address. Doc. No. 37. Plaintiff provided his corrected address in compliance with that Order.[3] Doc. No. 38.

Plaintiff again moved for a stay due to medical reasons on April 14 and May 3, 2023. Doc. No. 39, 42. On May 8, 2023, the Court issued an order to show cause granting Plaintiff a 90-day stay of the proceedings for medical treatment (until August 7, 2023) and directing him to respond to Defendants' pending motions by August 17, 2023. Doc. No. 44. In the Order, the Court cautioned Plaintiff that "no further stays of proceedings will be granted absent extraordinary circumstances and this is his final opportunity to respond to the dispositive motions." Doc. No. 44 at PageID 216.

Plaintiff did not file responses to Defendants' pending motions within that timeframe. Instead, on August 2, 2023, Plaintiff filed a motion for leave to file an amended complaint and attached a proposed amended complaint. Doc. No. 46. Plaintiff then filed motions to extend time

---

[3] Months later—on September 20, 2023—Defendants Chris Halapy and Shook Construction gave notice of undeliverable service, as it appears Plaintiff moved again without notifying the Court or Defendants. Doc. No. 58.

2

or stay the case further on August 7, 2023; August 8, 2023; September 5, 2023; and October 2, 2023. Doc. Nos. 47, 48, 55, 60.

Plaintiff has also filed multiple motions accusing Defendants of tampering with evidence and failing to properly serve documents. Doc. No. 20, 21, 34, 51. On September 1, 2023, the Magistrate Judge issued an Order finding no reason to believe that Defendants had engaged in any impropriety regarding service, and cautioned Plaintiff that the Court takes a dim view of unsubstantiated accusations of misconduct. Doc. No. 53 at PageID 288.

Finally, on October 2, 2023—nearly two months late—Plaintiff filed his memoranda in opposition to both of Defendants' pending motions. Doc. Nos. 61, 62. He then filed three more motions to stay the case for medical reasons on October 23, 2023, December 6, 2023, and December 27, 2023. Doc. Nos. 65, 69, 71. Defendants have consistently filed memoranda in opposition to Plaintiff's requests for a stay and his requests for leave to file an amended complaint. Doc. Nos. 49, 50, 59, 66, 68, 70.

## II.  LAW AND ANALYSIS

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962) (italics added); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute" (citations omitted) (italics added)).

Plaintiff's failure to comply with the Court's May 8, 2023 Order warrants dismissal of this case. *See Link*, 370 U.S. at 630–31; *see also Carpenter*, 723 F.3d at 704. Defendants' motion for judgment on the pleadings and motion to dismiss were filed on December 21 and December 22,

3

2023, respectively.  Doc. Nos. 9, 10.  Under Southern District of Ohio Civil Rule 7.2(a)(2), *pro-se* plaintiffs are given 24 days to respond to such motions.  Plaintiff was given an extension to file his responses until February 22, 2023.  Then, on May 8, 2023, Plaintiff was given additional time to respond when the Court stayed the case until August 7, 2023 and directed him to file his responses by August 17, 2023.  Doc. No. 44.  In effect, Plaintiff was given nearly eight months total to respond to Defendants' motions.  On May 8, 2023, the Court also warned Plaintiff that no more stays of the proceedings would be granted absent extraordinary circumstances, and that it was his final opportunity to respond to the motions.  Doc. No. 44.

 Plaintiff did not provide a sufficient explanation for his failure to comply with that Order.  Instead of filing responses to the pending motions in accordance with the Court's Order, Plaintiff moved to file an amended complaint and attached a proposed amended complaint on August 2, 2023.  Doc. No. 46.  The Court finds that Plaintiff's action of filing an amended complaint before August 17, 2023 shows that he had ample time and adequate health to prepare and file documents with the Court, but he instead chose to disregard the Court's order.

 Moreover, while the Court understands that health issues and emergency situations may require a stay in some circumstances, four of Plaintiff's last five motions to stay the case or extend time do not contain any documentation verifying Plaintiff's medical difficulties.  Doc. Nos. 55, 60, 65, 69.  Plaintiff provided documentation of his medical condition on August 7 and August 8, 2023.  Doc. Nos. 47-48.  These documents demonstrate only that Plaintiff attended periodic outpatient physical therapy appointments from June to July 2023 (Doc. No. 48 at PageID 259-62) and would be participating in outpatient cardiac rehabilitation sessions three times a week starting August 23, 2023—after the August 17, 2023 deadline to file his responses (Doc. No. 47 at PageID 248-50).  Finally, Plaintiff's most recent motion on December 27, 2023 establishes that he had

4

appointments one day in November and one day in December, and that he will be participating in periodic cardiac rehabilitation sessions. Doc. No. 71. Consequently, Plaintiff has failed to show that his medical conditions deprived him of the ability to comply with the court-imposed deadlines or amount to extraordinary circumstances that necessitate another stay. Doc. Nos. 65, 69, 71.

In light of these circumstances, dismissal of this case is warranted. *See Link*, 370 U.S. at 630–31; *see also Carpenter*, 723 F.3d at 704; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (affirming case dismissal where *pro se* plaintiff failed to comply with "readily comprehended court deadlines of which he was well-aware").

### III.  CONCLUSION

Accordingly, the Court **DISMISSES THIS CASE WITH PREJUDICE** for failure to prosecute. All pending motions (Doc. Nos. 9, 10, 19, 33, 46, 47, 48, 55, 57, 60, 65, 69, 71) are **DENIED AS MOOT**. Plaintiff should not be permitted to proceed *in forma pauperis* on appeal and the Court **DENIES** Plaintiff a certificate of appealability. This case is **TERMINATED** on the Court's docket.

**IT IS SO ORDERED.**

  January 2, 2024                                   s/Michael J. Newman
                                                    Hon. Michael J. Newman
                                                    United States District Judge